**UNITED STATES of America**

v.

**Norman Lamar YOUNG.**

**No. MO–08–CR–062.**

United States District Court,
W.D. Texas,
Midland/Odessa Division.

July 7, 2008.

G. Glenn Roque–Jackson, United States Attorney's Office, Midland, TX, for United States of America.

Alfredo A. Soza, Law Office of Alfredo A. Soza, Odessa, TX, for Norman Lamar Young.

***ORDER ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, FILED JUNE 3, 2008.***

ROBERT JUNELL, District Judge.

On this date the Court considered the United States Magistrate Judge's Report and Recommendation (Doc. # 27), filed June 3, 2008 in the above-numbered and styled case. After careful consideration, the Court will accept the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss the Indictment be DENIED, and ADOPTS the order in its entirety.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten (10) days after being served with a copy of the findings and recommendations. 28 U.S.C. § 635(b)(1). Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review. See 28 U.S.C. § 636(b)(1)

("A judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made").

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's Recommendation and ADOPTS the order in its entirety.

It is so Ordered.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE DENIED

L. STUART PLATT, United States Magistrate Judge.

BEFORE THE COURT is Norman Lamar Young's (Defendant) Motion to Dismiss Count One of the Indictment, or in the Alternative to Obtain a Bill of Particulars. On May 13, 2008 the Court granted Defendant's Motion for a Bill of Particulars. The Government responded on the same day providing the Court with more detailed facts and dates. The Court now finds that Defendant's Motion to Dismiss should be **DENIED.**

### Facts and Procedural Background

Defendant was convicted of indecency with a child by contact on November 29, 2001 in Midland County, Texas. After Defendant was released from prison he moved to Florida. In an attempt to comply with SORNA, Defendant provided registration information to officials in Jacksonville, Florida on March 23, 2007. The officials believed that the SORNA registration information was false and issued an arrest warrant for Defendant. In their attempts to locate Defendant, the Jacksonville officials learned that on August 7, 2007 Defendant boarded a Greyhound bus in Florida and traveled to Texas. Defendant was located in Midland, Texas on August 22, 2007.

On February 21, 2008 this Court issued a Complaint for a violation of 18 U.S.C. § 2250(a) and Defendant was arrested on February 26, 2008. An Indictment was filed on March 26, 2008. A Superseding Indictment was then filed on April 23, 2008. The Superseding Indictment states that on or about July 27, 2006 and continuing until on or about August 7, 2007 Defendant did travel in interstate commerce and knowingly fail to register and to update registration as required by the Sex Offender Registration Notification Act (SORNA) by leaving the State of Florida and moving to the State of Texas, County of Midland, City of Midland, in violation of Title 18 U.S.C. § 2250(a).

On May 5, 2008 Defendant filed a Motion to Dismiss Count One of the Indictment or in the Alternative for a Bill of Particulars. This Court granted the Bill of Particulars on May 13, 2008 and the Government responded on the same day. The Court now considers Defendant's Motion to Dismiss Count One of the Indictment. Defendant claims that the indictment should be dismissed because (1) venue is proper in Florida, not Texas; (2) the indictment is not sufficient; and (3) applying the SORNA requirements to Defendant violates the *ex post facto* clause. Defendant also makes a fourth allegation as to the fact that the Government did not establish that Defendant traveled in interstate commerce during the time he was required to register under SORNA. This argument is similar to Defendant's *ex post facto* clause violation claim and the two will be addressed together below.

### Discussion

On July 27, 2006 the Adam Walsh Protection and Safety Act of 2006, which includes the Sex Offender Registration and

Notification Act (SORNA), was signed into law. Pub.L. 109–248. This Act requires sex offenders to register and keep the registration current in each jurisdiction where the offender resides. 42 U.S.C. § 16913(a). SORNA requires that a sex offender initially register before completing his imprisonment sentence or not later than three business days after being sentenced if no term of imprisonment is imposed. § 16913(b). Furthermore, a sex offender must keep his registration, current by updating his registration in at least one involved jurisdiction no later than three business days after his name, residence, employment or student status changes. § 16913(b). A sex offender who (1) is required to register under SORNA, (2) travels in interstate or foreign commerce[1], and (3) knowingly fails to register or update the registration faces a fine and imprisonment of up to 10 years. 18 U.S.C. § 2250(a).

Congress delegated to the Attorney General the issue of SORNA's applicability to sex offenders who had been convicted before the enactment of the Act, and as a result, were unable to comply with the initial registration requirement. 42 U.S.C. § 16913(d). On February 28, 2007 the Attorney General issued an interim order applying the SORNA registration requirements to all sex offenders who were convicted of an offense for which registration is required before the enactment of the Act. 28 C.F.R. § 72.3.

## I. Venue

■ Defendant argues that venue is not proper in this Court since the offense did not occur in this Court's jurisdiction but instead occurred in Florida.

In *United States v. Hinen,* the court relied upon Rule 18 of the Federal Rules of Criminal Procedure and the general venue statute in finding that failing to register under SORNA constituted a continuing offense and that it was proper to prosecute a violation of § 2250 in any district through which the defendant had moved. 487 F.Supp.2d 747, 759 (W.D.Va. 2007). Venue was found to be proper in either the state in which the travel originated and where the defendant originally resided or the state the defendant changed his residency to and where he failed to register as a sex offender. *Id.*

This Court agrees that for venue purposes § 2250 creates a continuing offense. Rule 18 of the Federal Rules of Criminal Procedure provides that "the government must prosecute an offense in a district where the offense was committed." Additionally, the general venue statute provides that

> [a]ny offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a). This Court believes that the federal rules and the general venue statute in conjunction with § 2250 establish a continuing offense so that venue is proper in any district in which a defendant has moved.

---

**1.** Although such an allegation is not before the Court, it is important to note that at least one court has recently declared SORNA unconstitutional. The court found that SORNA failed to have a sufficient nexus with inter-

state commerce and, as a result, is beyond the scope of Congress's power under the Commerce Clause. *See United States v. Powers,* 544 F.Supp.2d 1331 (M.D.Fla.2008).

Here, Defendant allegedly traveled from Florida to Texas per Greyhound bus starting on August 7, 2007. Since Defendant traveled to Texas, and venue is proper in any district in which Defendant has traveled, then venue is proper in Texas.

## II. Lack of Sufficiency

■ Next, Defendant claims that the Superseding Indictment is insufficient in that it fails to prove that Defendant is required to register under SORNA, traveled in interstate commerce, or knowingly failed to register as required by SORNA.

■ Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged...." FED. R.CRIM.P. 7(c)(1). For an indictment to be sufficient, it must "(1) enumerate each *prima facie* element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." *United ed States v. Santos–Riviera*, 183 F.3d 367, 369 (5th Cir.1999) (*citing United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir.1996)); *see United States v. Partida*, 385 F.3d 546, 554 (5th Cir.2004).

Having carefully reviewed the Superseding Indictment, the Court finds that it is sufficient and complies with Rule 7(c)(1). Specifically, the Superseding Indictment sets forth the elements of the charged offense, puts Defendant on notice of the charges against which he must defend, and enables Defendant to assert a double jeopardy defense. Additionally, the Superseding Indictment sets forth the statute that Defendant has allegedly violated which provides further notice of the charges Defendant faces.

This Court finds that the Superseding Indictment is sufficient and complies with Rule 7(c)(1). As such, this Court recommends that Defendant's Motion to Dismiss because of an insufficient indictment be denied.

## III. Ex Post Facto Clause

■ The United States Constitution provides that "[n]o Bill of Attainder or *ex post facto* Law shall be passed." Art. I § 9, cl 3. The Supreme Court has also explained that "[t]he *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)(citing *Cummings v. Missouri*, 71 U.S. 277, 325–326, 4 Wall. 277, 18 L.Ed. 356 (1866)).

Many courts, in determining whether SORNA violates the *ex post facto* clause, have relied on the Supreme Court's decision in *Smith v. Doe*. In that case, the Supreme Court found that the registration requirements imposed by the Alaska Sex Offender Registration Act were nonpunitive and created a civil regime; therefore, the registration requirement could be applied retroactively without violating the *ex post facto* clause of the constitution. *Smith v. Doe*, 538 U.S. 84, 105–06, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

This Court now agrees with the line of cases finding that *Smith v. Doe* does not address the specific issues presented by SORNA. *Smith v. Doe* limits its analysis to whether or not the registration requirements of the Alaska Act could be applied retroactively. *Id.* at 89, 123 S.Ct. 1140. While the Court noted that the Alaska Act had established criminal penalties for failing to comply with the registration requirements, the Supreme Court found that the prosecution of such were separate offenses and were not before the Court. *Id.*

at 101–02, 123 S.Ct. 1140. "Whether other constitutional objections can be raised to a mandatory reporting requirement, and how those questions might be resolved, are concerns beyond the scope of this opinion." *Id.* at 102, 123 S.Ct. 1140. The Supreme Court did not determine whether prosecution of retroactively applied registration requirements, which impose criminal penalties, violate the *ex post facto* clause.

■ However, this is the very issue before the Court in this case. This Court now finds that attempting to impose criminal punishment for acts or omissions occurring before February 28, 2007, the date the Attorney General issued the interim order making the SORNA requirements retroactive, is a violation of the *ex post facto* clause.

Additional support for this reasoning is found in *United States v. Mantia* which dismissed a continuing offense argument by relying on the plain wording of the text. 2007 WL 4730120, at *5, 2007 U.S. Dist. LEXIS 96018, at *13–14. The Act contains the "present tense 'travels' rather than the past-tense 'traveled' or past participle 'has traveled.'" *Id.* Relying on *Mantia*, this Court agrees and finds that use of the present tense "travels" shows that Congress did not intend for sex offenders to be prosecuted based on travel done before SORNA was made retroactive.

Defendant argues that the dates covered in the Superseding Indictment, July 27, 2006 to August 7, 2007 occurred before SORNA was made applicable to Defendant by the Attorney General's interim rule and is a violation of the *ex post facto* clause. This Court agrees that the imposition of punishment for any acts or omissions constituting a violation of § 2250(a) which occurred before February 27, 2007, the date of the Attorney General's interim rule, create an *ex post facto* violation. However, the Government's response to the Order for a Bill of Particulars alleges that Defen-

dant specifically traveled in interstate commerce, from Florida to Texas, on August 7, 2007. That specific date is well after the Attorney General's interim rule making the SORNA requirements retroactive. As such, the SORNA registration requirements applied to Defendant on the date of August 7, 2007 when he allegedly traveled in interstate commerce and failed to register as a sex offender, and pursuing criminal punishment for such actions does not violate the *ex post facto* clause.

The Court finds that charging Defendant with violations of the SORNA requirements based on actions occurring after the Attorney General's interim order does not violate the *ex post facto* clause. As such, Defendant's Motion to be Dismissed based on such an argument should be denied.

### Conclusion

Based on these findings, it is recommended that Defendant's Motion to Dismiss Indictment be **DENIED**.

**Signed** this 3rd day of **June, 2008.**